**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALFONSO L. BALDI, III,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| | **NO.  22-2274** |
| **UPPER DARBY TOWNSHIP,** | |
| **Defendant.** | |

**MEMORANDUM**

Alfonso L. Baldi III ("Plaintiff") filed a complaint against his employer, Upper Darby Township ("Defendant"), asserting claims of age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"), 43 P.C.S.A. § 955. (*See generally* ECF No. 1.) Before the Court is Defendant's Motion for Summary Judgment. (ECF No. 17.) Plaintiff opposes the Motion. (ECF No. 19.) For the reasons set forth below, the Court denies Defendant's Motion.

## I.   BACKGROUND[1]

Plaintiff was a grant writer for Defendant for 45 years, from 1976 until he was terminated on June 1, 2021. (ECF No. 17-1 at 1.) Plaintiff had worked full time from 1976 until May of 2018, when he transitioned to a part-time position as a grant writer. (ECF No. 17-1 at 1–2.) Plaintiff's primary duties as a grant writer included grant research, writing of grant proposals, and administration of grant programs. (ECF No. 19-1 at 7.) On June 3, 2021, Defendant eliminated the part-time grant writer position, terminating Plaintiff at age 69. (ECF No. 19-1 at 8.) Plaintiff's Union, the Office and Professional Employees International Union (hereinafter, the "Union"), brought an arbitration grievance against Defendant alleging a violation of the collective bargaining

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

agreement between the Union and Defendant. (ECF No. 17-1 at 3–4.) The underlying factual circumstances of the arbitration included the termination of Plaintiff. Arbitrator Robert C. Gifford denied the grievance and concluded that the "evidence does not support the Union's position that the Township violated the Agreement." (*See* ECF No. 17-3 at Ex. L.)

Plaintiff alleges that he faced age discrimination based on two facts. First, he alleges that Defendant made discriminatory comments about Plaintiff's age during his termination meeting with the Chief Administrative Officer. (ECF No. 19-2 at 1.) Specifically, Plaintiff alleges that during his termination the Chief Administrative Officer of Defendant, Vincent Rongione, commented that Plaintiff has "had a long run here, it is time to leave." (*Id.*) Second, Plaintiff alleges that his job responsibilities after his termination were delegated to five younger individuals. Those responsibilities included grant writing, grant administration, and grant research. (ECF No. 19-2 at 5–9.)

Defendant alleges Plaintiff was terminated for the purposes of efficiency as it "was no longer necessary and part of a restructuring of the way in which the Township wanted to manage its grant programs Townshipwide as opposed to by department." (ECF No. 17 at 9.) Defendant also denies the allegations that the five younger individuals absorbed any substantial part of Plaintiff's duties. (*See generally* ECF No. 17.)

## II.    LEGAL STANDARD

A motion for summary judgment must be denied unless the moving party is able to show "no genuine dispute as to any material fact" and that the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility" of identifying the portions of the record that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute is defined as one in which a jury could reasonably find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*,

447 U.S. 242, 248 (1986). In assessing materiality, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

When the defendant moves for summary judgment, "the initial burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements to her case." *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). The summary judgment standard requires the court to view the evidence in the light most favorable to the non-moving party, including all justifiable inferences. *Anderson,* 447 U.S. at 255. However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. If the court finds that any factual issues exist that could be reasonably resolved for either party, and thus requires the presence of a fact finder, then summary judgment must be denied. *Id.* at 250.

## III.   DISCUSSION

### A.    ADEA and PHRA Claims

Plaintiff alleges age discrimination under the ADEA and PHRA. Claims under Title VII and the PHRA are analyzed under the same standard; Therefore, the Court will conduct one analysis that applies to both statutes. *See Verma v. Univ. of Pa.*, 533 F'Appx. 115, n.4 (3d Cir. 2013) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999)).

For a Plaintiff to succeed on a claim of age discrimination, he must first establish a *prima facie* case of discrimination. To meet this burden, Plaintiff must show that he was: (1) a member of a protected class, (2) discharged, (3) qualified for the job, and (4) replaced by a sufficiently younger person to create an inference of age discrimination. *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 234 (3d Cir. 1999) (citing *Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108

(3d Cir. 1997) (en banc)). Plaintiff must show that age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Serv.*, 557 U.S. 167, 176-78 (2009). A plaintiff can meet their *prima facie* burden by providing direct and indirect evidence.

In the present case, neither party disputes that Plaintiff satisfies elements one (1) through three (3) of a *prima facie* case of age discrimination. The fourth prong of establishing a prima facie case is disputed by the parties. Therefore, the court will focus its examination on whether the facts could present to a reasonable factfinder that the Plaintiff was replaced by a sufficiently younger person to create the inference of age discrimination. Thereby, leading the Court to conclude that there is a material issue of fact that is in dispute and, thus, a reasonable factfinder may be able to conclude that Plaintiff was fired because of his age. The Court finds in the affirmative. This Court makes this conclusion based on the direct and circumstantial evidence on the record.

### i.   Direct Evidence

In order to use direct evidence to prove discrimination, that direct evidence must show that "the decision would not have occurred without improper consideration of age." *Cellucci v. RBS Citizens, N.A.*, 987 F. Supp. 2d 578, 587 (E.D. Pa. 2013). The only evidence that Plaintiff provides as "direct evidence" is when Plaintiff's Chief Administrative Officer said to Plaintiff while he was getting terminated "you've had a long run here, it is time for you to leave." Plaintiff claims that he perceived this language during the conversation to be in reference to his age. This singular statement is argued by Defendant as "not capable of being interpreted as direct evidence of age discrimination particularly where, as here, Plaintiff Baldi testified under oath he did not believe that [the CAO] even wanted his position eliminated." (ECF No. 17 at 4–5.) The Court is unpersuaded by Defendant's argument.

In a Title VII case, the Court must "consider how and if [stray comments] are related to the adverse employment action." *Farzan v. Vanguard Grp., Inc.*, 995 F.Supp.2d 637, 646 (E.D. Pa.

2014) (citing *Parker v. Verizon Pa., Inc.*, 309 F'Appx. 551, 558–59 (3d Cir. 2009)). In making this determination there are three factors to consider: (1) the relationship of the speaker to the employee and within the corporate hierarchy; (2) the temporal proximity of the statement to the adverse employment decision; and (3) the purpose and content of the statement. *Id.* "The Third Circuit emphasizes the importance of context as well as temporal proximity of allegedly discriminatory statements to adverse employment consequences." *Glendening v. Fair Acres Geriatric Ctr.*, 2019 WL 5550977, at *3 (E.D. Pa. 2019) (collecting cases).

In looking at the first factor, the speaker of the statement was Vincent Rongione, the Chief Administrative Officer for Defendant and Deputy Mayor. Plaintiff alleges that Rongione was one of his direct supervisors and that he reported directly to Rongione. It appears from the record that Rongione is involved in termination/hiring decisions for the Defendant. Additionally, Rongione was the individual who terminated Plaintiff in person and also signed Plaintiff's termination letter. Considering Rongione's high-ranking position within the organization as a CAO and being deputy mayor and decision-maker, his relationship to the Plaintiff in the Defendant's organization cuts in favor of the Plaintiff. Looking at the second factor, the comment that Plaintiff alleges is direct evidence of age discrimination was made *during* Plaintiff's termination meeting. While the intention and meaning of the statement is subject to debate and thus requires a separate analysis, there is no dispute by the parties that the statement was made. Thus, this factor also favors the Plaintiff.

Looking finally to the purpose and content of the statement, the Court is unable to draw a clear conclusion. Viewing the statement as it is quoted and written, the first part of the statement: "You've had a long run here" is not a statement, on its face, of discriminatory animus. While Plaintiff interprets this to be offensive, which may not be an unreasonable interpretation, this initial clause of the statement does not plainly state nor necessarily imply Plaintiff's age. This comment

may refer to Plaintiff's long tenure or successful time with the organization. However, the Court finds that a fact finder could determine that the latter part of the statement, "it is time for you to leave," is evidence of discriminatory animus. The Court is not tasked to determine whether this statement was, in fact, discriminatory animus. It is enough that a reasonable jury *could* find such a statement to be evidence of such animus, especially considering that this statement was said *during* Plaintiff's termination meeting. Thus, highlighting the temporal proximity of the statement to the adverse employment action.

This Court notes that over time, the standard for establishing a *prima facie* case of age discrimination under the ADEA has become elevated, especially in light of the Supreme Court's ruling in *Gross*. *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167 (2009). In *Gross*, the Court held that age must be more than a motivating factor in order for a claim to survive summary judgment, a plaintiff must, instead, show that it was the "but-for cause" of a plaintiff's termination. While the Court acknowledges that the post-*Gross* standard for discriminatory animus is a relatively high burden to meet at the summary judgment stage, the comment made to Plaintiff during his termination makes this sufficient to meet the post-*Gross* standard. *See Cellucci*, 987 F. Supp. 2d at 588.

Defendant, citing *Cellucci*, asserts that the comment alleged by Plaintiff to be direct evidence of age discrimination is nothing more than a seemingly stray remark with no nexus to the adverse employment action. *Cellucci* held that certain comments about a plaintiff's age were insufficient to meet the *Gross* standard because there was no causal connection between the comments and Plaintiff's eventual termination. *Cellucci*, 987 F. Supp. 2d at 588. Those comments included mention of plaintiff's "fat 401(k)" and pension, the bank needing "younger faces," and occasional inquiries as to when plaintiff would retire. *Id.* The court concluded that most of those comments were made a year prior to termination and that inquiries regarding retirement were not

direct evidence of age discrimination because it could relate to an employer's desire to plan for the long term. *Id.* There are marked differences between the comments made in *Cellucci* and the present case because the comment made here was made *during* Plaintiff's termination. The temporal proximity between the comment and Plaintiff's termination may permit a reasonable factfinder to conclude that the comments reflect age discrimination. Therefore, the direct evidence is sufficient for a reasonable factfinder to possibly find that age was the but-for cause of Plaintiff's termination.

ii.      Indirect Evidence

"[T]he nature of the required showing to establish a *prima facie* case of disparate treatment by indirect evidence depends on the circumstances of the case." *Torre v. Casio, Inc.*, 42 F.3d 825, 830–31 (3d Cir. 1994) (citing *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 118 n.13 (3d Cir. 1983)). Specifically, there are circumstances in which the "fourth element must be relaxed." *Id.* at 831. The Court finds that the fourth element, whether the Plaintiff was replaced by a sufficiently younger person to create an inference of age discrimination, should be "relaxed" in this instance because neither party contends that Plaintiff was *directly* replaced. Plaintiff was the only individual employed in the position of part-time grant writer and after his termination, there was no one that was hired under the exact role of part-time grant writer. However, the evidence is that others within the Defendant's organization took on the responsibilities of the part-time grant writer. This factual circumstance is similar to the facts in *Torre*. In *Torre*, the court found that a Plaintiff met their *prima facie* burden when they showed that a younger employee assumed the responsibilities of the terminated employee, even without directly replacing them. *Id.*

The Third Circuit has also found in a separate case on the same issue that the fourth element can be met if the plaintiff can provide reasons about their termination which, "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Willis*

7

*v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (3d Cir. 1999)). If the Plaintiff succeeds in establishing a *prima facie* case of age discrimination, the burden shifts to the Defendant under the *McDonnell Douglas* framework to offer evidence of a legitimate, nondiscriminatory reason for the action. *Mercer v. Se. Pa. Transit Auth.*, 26 F.Supp.3d 432, 445 (E.D. Pa. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). If the Defendant meets this burden, the Plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably . . . disbelieve [defendant's] articulated legitimate reasons." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)).

Even if this Court found that Plaintiff's direct evidence was not sufficient to show "but-for" causation, Plaintiff's circumstantial evidence is sufficient for a reasonable fact finder to possibly conclude that the decision to terminate the Plaintiff was based on his age. The record shows that while Plaintiff was not directly replaced by a younger employee, portions of his duties were delegated to various younger employees working for Defendant. These responsibilities, per Plaintiff's job description, included grant research, writing of grant programs, and administration of grant programs. (ECF No. 17-3, Ex. G, 35:20–24.) Furthermore, Defendant admits that "several other full-time employees were able to absorb [] aspects of the eliminated position." (ECF No. 17 at 9.) Plaintiff claims that there are five younger individuals that took over his responsibilities after his termination or just prior to his termination: Marilyn Bailey (68, Grant Supervisor) [2], Rose Rice (Special Assistant to the Mayor)[3], Mike Galante (Late-30s, Township Engineer), and two Drexel students who worked a part of a co-op program between Drexel and the Upper Darby Township.

---

[2] The ages included are at the time of Plaintiff's termination. Where ages are missing, it means they are unknown.
[3] The age of Rose Rice is unconfirmed but alleged by the Plaintiff to be younger than him.

Marilyn Bailey was 68 years old, one year younger than Plaintiff, at the time of Plaintiff's termination and was hired on June 1, 2021, two days before Plaintiff was terminated. (ECF No. 17-1 at 12.) Bailey engaged in work that is similar to Plaintiff's including providing technical and grant writing assistance as required to Departmental grant writers and supervision of the development and maintenance of grant administration, compliance, and document management system. (ECF No. 17-1 at 5; ECF No. 17-3, Ex. E.) The fact that Bailey is less than a year younger than Plaintiff goes against and thereby greatly diminishes, if not eliminates, Plaintiff's assertion that he was replaced by someone younger. "There is no bright line age difference to satisfy the sufficiently younger requirement." *Harman v. Select Rehab., LLC*, 528 F. Supp. 3d 373, 386 (E.D. Pa. 2021) (citing *Showalter v. Univ. of Pittsburgh Med.l*, 190 F.3d 231, 236 (3d Cir. 1999)). However, a one-year difference is not sufficient to satisfy the "sufficiently younger requirement. *Id.* (citing *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995)). As a result, it is highly doubtful at best that a reasonable fact finder would conclude from Ms. Bailey's employment that Plaintiff was replaced by a sufficiently younger individual.

Rose Rice is an individual alleged to be younger than Plaintiff as seen in a photograph provided by Plaintiff. (ECF No. 19-5.) The record is silent as to Rice's age. Rice was hired by Defendant in July of 2021, a month after Plaintiff's termination, as a Special Assistant and was involved in a singular specific grant that Plaintiff was had worked on prior to his termination. (ECF No. 19-4.) Plaintiff recommended this grant and co-wrote the grant while he was still employed with Defendant. (*Id.*) The record does not specify what work Ms. Rice did in the grant. Other than an email saying that Rice was "involved with the 902 Grant," (*Id.*), there is no other information on the record to suggest that Plaintiff's role was replaced by Rice or that job responsibilities that originally belonged to Plaintiff were delegated to Rice. No reasonable factfinder would be able to find that "involvement" in a grant that Plaintiff happened to write and apply for, without any other

factual information, would be taking over Plaintiff's responsibility. Moreover, the Court will not engage in speculation and the absence of her age, which is the focal point of the protections provided by the ADEA and as well as a requisite element of a *prima facie* case. The Plaintiff does not provide the Court with sufficient facts that are necessary to evaluate this comparator and, thus, a factfinder could not draw a reasonable inference of age discrimination.

Michael Galante was in his late-30s at the time of Plaintiff's termination and was a township engineer with the Defendant. (ECF No. 17-1 at 2.) While Galante was employed with Defendant prior to Plaintiff's termination, Plaintiff alleges that Galante assumed some of Plaintiff's job responsibilities after Plaintiff was terminated. (ECF No. 19-1 at 9.) Plaintiff was the administrator for all the grants in the public works and after his termination, Plaintiff asserts Galante assumed this role and "took over those responsibilities." (*Id.*) Plaintiff also alleges that Galante was involved in writing grants. (*Id.*) Defendant alleges that Galante was always involved in grant writing while Plaintiff was employed and now. (ECF No. 17-1 at 9.) Because Galante was substantially younger than Plaintiff at the time of his termination and there are disputed facts on the record as to what responsibilities Galante had prior to and after Plaintiff's termination, the Court finds that a reasonable fact finder could conclude that Galante assumed portions of Plaintiff's responsibilities after he was terminated.

Finally, Plaintiff alleges that two students hired in partnership with Drexel's co-op program also assumed portions of Plaintiff's role.[4] Those two students, unnamed in any pleadings, were employed with Defendant from February 2021 through September 2021. Although the ages of

---

[4] While the Court is familiar with the Drexel University co-op program that is offered by the University, *See* https://drexel.edu/scdc/co-op/undergraduate, the record is void of any information about the program. The court will not inject its knowledge in this analysis; However, the absence of any information about the program begs the question on the relationship of the students to the employer and whether the two students at issue in this case were classified as "employees" of the Defendant during their participation in the program.

these individuals are not on the record, it is possible that a reasonable fact finder could find that they were younger than the age of sixty-nine (69) if they were the average age of undergraduate students at Drexel. Defendant alleges that they were not involved in any grant writing while Plaintiff claims that they were. However, the record is silent on necessary information to reach the conclusion that the Plaintiff asserts. In short, there is not enough information to make any conclusions as to the students' roles at the organization, their job responsibilities, and their employment status in general. No reasonable juror would be able to conclude that two students, part of a temporary experiential program provided through a university, would be proper comparators to Plaintiff even if they were known to be younger.

In addition to the disputes of fact surrounding the absorption of Plaintiff's responsibilities after he was terminated, the Court finds it appropriate to consider Defendant's communications with Plaintiff around his termination. Because of the flexibility of the fourth prong of making out a *prima facie* case of discrimination, the Court may consider facts which "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Willis*, 808 F.3d at 644 (3d Cir. 2015) (citing *Pivirotto*, 191 F.3d at 357). Plaintiff was fired during a meeting where he was told "you've had a long run here, it is time for you to leave." In addition, there was no communication to Plaintiff that his position was being terminated for efficiency or part of a reorganization of responsibilities throughout the organization. Considering these facts, in addition to the delegation of Plaintiff's responsibilities to Galante, a reasonable fact finder could conclude that Plaintiff was discriminated against because of his age.

Since Plaintiff has met his burden of establishing a *prima facie* case of discrimination, the burden shifts to the Defendant to show a legitimate, non-discriminatory reason for taking the adverse employment action. We agree with Defendant that this burden is light, and that the employer need only introduce "evidence which, taken as true, would permit the conclusion that

there was a nondiscriminatory reason for the unfavorable employment decision." *Tomasso v. Boeing Co.*, 445 F.3d 702, 706. The Defendant meets this burden by alleging that Plaintiff's position was eliminated as no longer necessary and "part of a restructuring of the way in which the Township wanted to manage its grant programs." (ECF No. 17 at 9.)

The *McDonnell Douglas* analysis, however, does not stop here. Now that the Defendant has articulated a legitimate, non-discriminatory reason for the termination, the Plaintiff bears the burden of showing that the "proffered reasons are pretextual." *Tomasso*, 445 F.3d at 706. Plaintiff must "point to some evidence, direct or circumstantial, from which a factfinder could reasonable either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* (citing *Fuentes* 32 F.3d at 764). While it is noted that Plaintiff does not point to particular facts on the record that indicate that Defendant's reasons are pretextual, this Court must draw inferences in favor of the non-moving party. As a result, the record supports a finding that Defendant's reasons for terminating Plaintiff's employment could be found to be pretextual. Defendant points to efficiency, without any data to support the inefficiencies that needed correction, and reorganization as the reason for Plaintiff's termination. Furthermore, Defendant's letter to Plaintiff explaining his termination includes one line, explaining that the position is being terminated. There was no information, statements – public or internal – or any other material distributed throughout the organization indicating that there was a reorganization of responsibilities throughout the organization and the basis as to why. There are also no internal records or evidence of a discussion about reorganization of the Grants Department. The first time that Defendant's reasoning is presented to a factfinder was during the arbitration proceedings initiated by the Union. Considering the totality of the circumstances, a reasonable fact finder could conclude that the reasons for Plaintiff's termination are pretextual.

**B.      The Arbitration Decision is not binding.**

Defendant claims that Plaintiff's ADEA claim should be barred by res judicata because of the arbitration decision reached by Arbitrator Robert Gifford. Res judicata, or claim preclusion, would prevent Plaintiff from adjudicating a matter where a final decision has been reached by a separate fact finder or court. However, "a prior arbitration pursuant to a collective bargaining agreement . . . does not bar employees from subsequently bringing civil rights claims under Title VII and the ADEA in federal court." *Goodman v. Norristown Area Sch. Dist.*, 2021 WL 6063122, at *3 (E.D. Pa. 2021) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49 (1974); *Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 825–26 (3d Cir. 1991)). Therefore, this Court holds that the arbitration decision issued by the American Arbitration Association in this case does not preclude this case from proceeding.

**IV.     CONCLUSION**

For the reasons discussed above, Defendant's Motion for Summary Judgment is denied. An appropriate order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**
_____
**HODGE, KELLEY B., J.**
